**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re:<br><br>Jade Presents, LLC,<br>Debtor.<br>_______________________/ | Bankruptcy No. 26-30438<br>Chapter 11 |
| In Re:<br><br>Tickets300, LLC,<br>Debtor.<br>_______________________/ | Bankruptcy No. 26-30439<br>Chapter 11<br><br>(Jointly Administered) |
| Jade Presents, LLC,<br>Plaintiff,<br><br>vs.<br><br>Rocket Capital NY, LLC,<br>Defendant.<br>_______________________/ | <br><br><br>Adversary No. 26-07017<br><br>**FINAL PRETRIAL ORDER** |

**IT IS ORDERED**:

**Trial of this adversary proceeding is scheduled for <u>Tuesday, August 17, 2027, at 9:30 a.m. in Courtroom #3, Second Floor, Quentin N. Burdick United States Courthouse and Federal Building, 655 First Avenue North, Fargo, North Dakota</u>. The Court allotted two days for trial of this matter.**

**A final pretrial conference will be conducted <u>by telephone</u> on <u>Tuesday, August 10, 2027, at 10:00 a.m.</u> Please use the following phone instructions:**

Telephonic Conference Instructions:
1) Call **701-297-7116**
2) Enter the Meeting ID **16121907752#**
3) Press **#** again when prompted for a Participant ID
4) Enter Passcode **529952.**
5) Please identify yourself after you have joined the conference.

The conference must be attended by lead counsel for each party, with authorization to bind the party on all matters addressed at the conference.

**PRIOR TO PRETRIAL**

Prior to the date of the final pretrial conference, counsel must confer in person or by telephone for the purpose of preparing a Statement of Undisputed Facts and examining and marking exhibits as detailed below. Not later than 24 hours before the Final Pretrial Conference, counsel must file:

(1) Statement of Undisputed Facts

(2) Exhibit List for each party with the opposing party's designations and objections noted on the form; and

(3) Witness List for each party.

Counsel must also be prepared to discuss:

(1) Rule 26(a)(3) disclosures and any discovery-related issues.

(2) Witness testimony

 (A) number of witnesses

 (B) whether the witnesses will testify in person, by video conference or written or video deposition. If deposition testimony will be offered, the parties should be prepared to discuss the deposition designations.

(3) Whether the parties do/do not agree to waive exclusion of witnesses from the courtroom pending completion of their testimony.

(4) Other matters requiring the Court's attention.

Counsel are not required to stipulate or waive anything. They are required to confer in advance of the conference and prepare the documents listed in this Order.

## A. EXHIBITS

1. **Not later than 14 days before trial**, the parties must exchange exhibit lists and trial exhibits. Counsel should use a form substantially similar to the sample form attached to this Order and comply with the following instructions.

Parties must offer electronic copies of exhibits, rather than paper copies. Counsel must also offer rebuttal exhibits electronically, but they need not share copies with opposing counsel in advance of trial. The parties may not offer a paper document unless there is cause for offering an original record at trial. Upon request, a party must make the original version of the exhibits available for inspection by other parties.

**Parties may file their exhibits on the docket. If they elect to do so, the docket number will serve as the exhibit number. Alternatively, parties may offer documents electronically at trial by emailing premarked copies of exhibits to the Court at the following email address: NDB_Trial_Evidence@ndb.uscourts.gov with a copy to opposing counsel.**

If a party elects to email the exhibits, the party must create a single, searchable, non-password protected PDF document labeled with the name of the submitting party, with each exhibit labeled with the exhibit number or letter as required by this Order. Each exhibit must be accessible via a master exhibit list at the front or side tab of the PDF document holder. Each combined PDF document must not exceed 50MB in size.

Exhibits sent electronically must be premarked with an exhibit sticker using the following protocol:

(a) Trustee is assigned numbers 1-99. Exhibits must be marked: Trustee-1 or T-1, Trustee-2 or T-2, etc.

(b) Debtor is assigned numbers 101-199. Exhibits must be marked: Debtor-101 or D-101, Debtor-102 or D-102, etc.

(c) Creditors must begin with number 201. If there is more than one creditor involved in a hearing or trial, one creditor is assigned 201-299, the next creditor is assigned 301-399, etc. Creditors should use an acronym or word that easily identifies the litigant. Ex: USA-201, Bank-301 or US Bank-301, Smith-401, ABC Co-501.

(d) United States Trustee's exhibits should be marked alphabetically with a prefix of UST: UST-A, UST-B, etc.

If the number of exhibits exceeds 99 for one or more parties, the parties should agree on a division of numbers or letters, and the exhibit labels should clearly identify the party who is offering the exhibit.

Counsel must disclose and list all exhibits relating to an issue on which their client carries the burden of proof or the burden of going forward with the evidence. They must also designate each exhibit as “will offer” or “may offer” on the exhibit list. Documents used solely for rebuttal purposes or impeachment need not be numbered or listed until identified at trial.

If a party fails to disclose or list an exhibit required by this order or a procedural rule, the Court will refuse to admit it into evidence unless the party shows cause for failing to disclose the exhibit.

2. The parties must designate which of the opposing party’s exhibits they agree may be received as evidence for all purposes, which exhibits they agree to waive authenticity and original record objections, and which exhibits will draw objections. For those exhibits that draw objections, counsel must list the relevant rule(s) of evidence which serve as a basis for the objection in the column marked “objections” on the exhibit list. These designations must be appropriately marked on the opposing party’s exhibit list form and returned to opposing counsel **at least 24 hours before the final pretrial conference.**

   Except for an objection under Federal Rule of Evidence 402 or 403, failure to list an objection on the exhibit list may result in waiver of the objection unless excused by the court for cause. See Fed. R. Civ. P. 26(a)(3)(B).

   The court encourages the parties to agree on admissibility of exhibits and expects counsel to waive original evidence and authenticity objections unless there is a compelling, specific objection to a particular exhibit. Stipulations to admissibility or waiver of original record and authenticity objections must be indicated in the appropriate column on the exhibit list.

   If two or more parties mark the same exhibit, the parties should decide which exhibit will be offered at trial. The parties should avoid offering duplicative exhibits.

3. **Not later than 24 hours before the final pretrial conference**, the parties must file their exhibit lists with the opposing party’s designations and objections noted on the form.

4. **Not later than 3 business days before trial**, the parties must file or electronically transfer/email their marked exhibits to the Court (except original records, which may be offered at trial).

## B. WITNESS LIST

1. **Not later than 24 hours before the final pretrial conference**, the parties must exchange a list of witnesses, separately identifying those witnesses the party will call and those the party may call at trial. In addition to the full name and address of the witnesses, the parties should provide a brief one or two-sentence synopsis of the testimony the witnesses is expected to offer. Example: “Testimony

regarding loan balance." or "Expert testimony regarding fair market value of real property." The parties must also describe any special needs (i.e. primary language, hearing loss or disability) of a witness and suggest an appropriate accommodation. The witness list should be on a form substantially similar to the form attached to this Order.

2. **A party seeking to call a witness via video conference must seek Court approval not less than 7 days before trial**. The party and the witness must agree to comply with the video conference procedures provided on the Court website.

3. **Not later than 24 hours before the final pretrial conference or before the day of trial,** the parties must file their witness lists.

## C. DEPOSITION DESIGNATION

1. **Not later than 14 days before trial**, the offering party must serve a designation of the portions of any depositions that the offering party expects to present at trial (other than solely for impeachment purposes), and the manner in which each of those depositions was recorded. A transcript of the pertinent portions of any depositions not stenographically recorded must accompany the designation.

2. The other parties have **7 days** to file and serve any objections to the use of the deposition under Rule 32(a) and/or to designate additional portions of any deposition appearing on the offering party's list. Failure to make a specific objection, except for one under Federal Rule of Evidence 402 or 403, is waived unless excused by the court for cause.

## D. TRIAL BRIEF AND PRETRIAL MOTIONS

1. Motions in Limine and other motions relating to the conduct of the trial must be filed and served not later than **7 days before trial**.

2. **Not later than 3 business days before trial**, counsel for the respective parties must file and serve a trial brief. The trial brief should contain:
    a. a general statement of the case;
    b. a list of the fact issues to be determined at trial with reference to the burden of proof and a short discussion of evidence to be offered;
    c. a list of the issues of law to be determined with citations to authority referencing the legal standard and the elements of any claims or affirmative defenses;
    d. a summary of any nonmonetary or monetary relief sought, including injunctive relief, determination of dischargeability, allowance of a claim, secured status, costs, fees, etc., and the basis of any relief sought;
    e. an itemized statement of damages, in cases in which damages are relevant; (If the parties agree on damages, they must submit a

stipulated statement of the damages. If the parties do not agree on damages, each party must submit an itemized statement on damages.)

f. a statement of any evidentiary or procedural problem expected to arise, with citations to authority.

3. **Not later than 24 hours before the final pretrial conference**, counsel for the respective parties must file a joint stipulation of all uncontested facts.

## E. COURT-HOSTED SETTLEMENT CONFERENCE

The Court encourages but does not require mediation. If the parties elect to participate in court-hosted mediation, please submit your request to the Courtroom Deputy at courtroom_deputy@ndb.uscourts.gov. The Courtroom Deputy will make arrangements for a bankruptcy judge mediator.

## F. FAILURE TO COMPLY

1. The fact that the Court may change dates or schedules that appear in this Order does not change the remaining provisions of this Order.

2. Failure of counsel to comply with the provisions of this order may result in dismissal or default as may be appropriate.

Dated: November 20, 2026.

Shon Hastings, Judge
United States Bankruptcy Court

(12/11)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

# EXHIBIT LIST

Bankruptcy Case No: ___________________ Bankruptcy Case Title:_________________________________
Adversary Case No:_____________________ Adversary Case Title: _________________________________

| EX. NO. | DATE | WITNESS | DESCRIPTION | WILL OR MAY | * STIPULATED | OFFERED | § OBJECTION | RESERVED | OVERRULED | SUSTAINED | WITHDRAWN | RECEIVED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |

* - O - Original Record & Authenticity Only
* - A - Admitted into Evidence for all purposes
§ - Federal Rule of Evidence Rule Number

Irregular Exhibits: ____________________________________________________________________________

(12/11)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

**WITNESS LIST**

Bankruptcy Case Name: ____________________________________________
Bankruptcy Case No:________________________ Chapter __________

Contested Matter (__)
Adversary Proceeding No:___________________________
Adversary Proceeding Title: _________________________________________________________

Witness(es) to be called by:___________________________________________________________________

| NAME & ADDRESS | Will/ May Call | SYNOPSIS OF TESTIMONY |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Use Additional Sheet(s) For Additional Witnesses

**ADDITIONAL SHEET**

| NAME & ADDRESS | Will/ May Call | SYNOPSIS OF TESTIMONY |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |